IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREAT LAKES CASE & CABINET CO., INC. | ) | Docket No.  1:23-cv-111 |
| | ) | (Judge Cathy Bissoon) |
| | ) | |
| Plaintiff | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | COMPLAINT |
| DATAONE SYSTEMS, LLC, | ) | |
| DATAONE MANUFACTURING | ) | |
| COMPANY, LLC, and GDT | ) | |
| MANUFACTURING COMPANY, LLC | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff, Great Lakes Case & Cabinet Co., Inc., (hereinafter "GLCC") through its

counsel, Knox McLaughlin Gornall & Sennett, P.C., files the following Complaint:

## THE PARTIES

1.      The Plaintiff, GLCC, is a corporation organized and existing under the

laws of the Commonwealth of Pennsylvania, with a principal place of business located at 4193

Route 6N East, Edinboro, Pennsylvania 16412.

2.      GLCC Manufactures and sells a variety of data storage items and cabinets,

including custom-designed and -manufactured cabinets for the protection of data assets.

3.      Defendant DataOne Systems, LLC is a limited liability company

organized and existing under the laws of the State of Texas, with a principal place of business

located at 9004 Ambassador Row, Dallas, Texas 75247.

4.      Defendant DataOne Manufacturing Company, LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business located at 9004 Ambassador Row, Dallas, Texas 75247.

5.      Defendant GDT Manufacturing Company, LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business located at 9004 Ambassador Row, Dallas, Texas 75247.

6.      On information and belief, DataOne Systems, LLC, DataOne Manufacturing Company, LLC, and GDT Manufacturing Company, LLC are affiliates and/or alter egos of each other and share common ownership, control, and management.  Defendants are collectively referred to herein as "DataOne."

7.      DataOne provides information technology services, including custom solutions for physical information technology infrastructure projects, to its customers.

8.      DataOne is a "Merchant" as that term is defined by 13 Pa.C.S.A. § 2104.

**VENUE AND JURISDICTION**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  On information and belief, after reasonable investigation, none of the Defendants or their members are citizens of Pennsylvania.

10.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c)

because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred,

and the Defendants are subject to personal jurisdiction, in this district.

## GENERAL ALLEGATIONS

11.    In 2021, DataOne contacted GLCC regarding the potential purchase of

custom data cabinets for DataOne to ultimately provide to one of its customers, DISH.

12.    GLCC thereafter provided price quotations to DataOne for the requested

items, matching the specifications called for in the RFP provided by DataOne to GLCC.

13.    In 2021, DataOne began issuing purchase orders to GLCC for the custom

cabinets with power shelves and other requested component parts.

## OUTSTANDING INVOICES

14.    For a number of purchase orders, GLCC shipped the requested products

and issued an invoice to DataOne, which, as of the date of this filing, DataOne has failed to pay.

15.    In total, DataOne has failed to pay the following invoices totaling

**$1,179,647** (the "Outstanding Invoices"):[1]

| Invoice Number | Invoice Date | Due Date | Amount Due |
|---|---|---|---|
| I300884 | 10/28/2021 | 11/27/2021 | $36,378 |
| I301530 | 11/19/2021 | 12/19/2021 | $453 |
| I301771 | 12/2/2021 | 1/1/2022 | $71,914 |
| I301920 | 12/7/2021 | 1/6/2022 | $650 |
| I302457 | 12/29/2021 | 1/28/2022 | $92,111 |
| I303100 | 1/28/2022 | 2/27/2022 | $9,000 |
| I303914 | 2/25/2022 | 3/27/2022 | $86,330 |
| I303952 | 2/28/2022 | 3/30/2022 | $83,172 |
| I304807 | 3/31/2022 | 4/30/2022 | $63,821 |
| I305905 | 5/10/2022 | 6/9/2022 | $52,364 |
| I306587 | 6/2/2022 | 7/2/2022 | $110,759 |
| I307595 | 7/11/2022 | 8/10/2022 | $58,181 |
| I307861 | 7/21/2022 | 8/20/2022 | $91,029 |

---

[1] This total reflects a credit from GLCC to DataOne of $5,000 as reflected on Invoice C502755

| I308264 | 8/3/2022 | 9/2/2022 | $27,762 |
| I309443 | 9/12/2022 | 10/12/2022 | $27,218 |
| I309659 | 9/19/2022 | 10/19/2022 | $31,800 |
| I309984 | 9/30/2022 | 10/30/2022 | $127,200 |
| I310910 | 11/4/2022 | 12/4/2022 | $22,338 |
| I312917 | 2/6/2023 | 3/8/2023 | $191,766 |
| I313061 | 2/10/2023 | 3/27/2023 | $402 |

True and correct copies of these invoices are attached as Exhibit A and are incorporated by reference herein.

16.     All invoices were payment "NET 30" and, for each invoice, said period has passed without payment.

17.     GLCC has made repeated demands for payment of these Outstanding Invoices to DataOne, butDataOne has failed or refused to pay the balance due.

18.     In addition to the balance due on the Outstanding Invoices, GLCC is also entitled to interest at the Pennsylvania statutory rate of 6%. *See* 41 Pa. Stat. § 202.

## REPUDIATED PURCHASE ORDERS

19.     In addition to failing to pay the Outstanding Invoices, DataOne has also repudiated outstanding purchase orders at considerable cost and damage to GLCC.

20.     DataOne issued—and GLCC accepted—a number of purchase orders throughout 2021 and 2022, totaling **$14,616,245** that have since been repudiated by DataOne (the "Purchase Orders"), specifically the following:

| Purchase Order Number | Date | Amount |
| --- | --- | --- |
| 03537 | 5/11/22 | $5,509,600 |
| 03615 | 5/24/22 | $4,335,235 |
| 04508 | 9/8/22 | $34,000 |
| 04510 | 9/8/22 | $68,000 |
| 04527 | 9/9/22 | $3,688,800 |
| 04813 | 10/4/22 | $4,440 |
| 04814 | 10/4/22 | $2,220 |

| 400842 | 8/6/21 | $566,250 |
| 401016 | 8/6/21 | $407,700 |

True and correct copies of these purchase orders are attached as Exhibit B and are incorporated

by reference herein.

21.     Following DataOne's issuance of the Purchase Orders, GLCC began

ordering the parts necessary for the ordered products (including custom components) and

proceeded to manufacture custom components and full custom products, as ordered by DataOne.

22.     After the issuance and acceptance of the Purchase Orders, DISH—

DataOne's customer—made comments that called into question its willingness to receive the

products ordered by DataOne.

23.     In addition, DataOne failed to provide shipping directives to GLCC for

these products, as it had done with all past orders.

24.     GLCC thereafter sent a letter to DataOne stating that it had reasonable

grounds for insecurity regarding DataOne's performance of its obligations under the Purchase

Orders.  Accordingly, GLCC demanded that DataOne provide GLCC with adequate assurances

of its performance as to the Purchase Orders.  *See* Exhibit C ("February 22, 2023 Letter").

25.     To date, DataOne has failed to provide GLCC with any written response

to GLCC's request for adequate assurances.

26.     As a result of DataOne's failure to provide GLCC with adequate

assurances regarding DataOne's performance under the Purchase Orders, DataOne has

repudiated its agreements with GLCC.

27.    On March 29, 2023, GLCC sent DataOne a letter requesting payment of the Outstanding Invoices and a resolution regarding the Purchase Orders repudiated by DataOne (the "March 29, 2023 Letter").

28.    As of this filing, DataOne has failed to provide any response to the March 29, 2023 Letter.

29.    GLCC now brings this action seeking compensation for all damages arising out of DataOne's failure to pay the Outstanding Invoices and its repudiation of the Purchase Orders.

30.    The ordered cabinets and their components are custom items that cannot be readily resold, if at all.

## COUNT ONE
## BREACH OF CONTRACT – ACCOUNTS RECEIVABLE

31.    GLCC repeats, restates, and fully incorporates each and every allegation contained in paragraphs 1 through 30, as though set forth fully herein.

32.    The DataOne purchase orders, and GLCC's acceptance and performance in reasonable reliance thereon, as reflected by the Outstanding Invoices, all constitute valid and binding contracts between GLCC and DataOne.

33.    DataOne materially breached the contract with GLCC by failing to pay the amount due as reflected in the Outstanding Invoices.

34.    As a direct and proximate result of DataOne's breach of contract for the outstanding accounts receivable, as reflected in the Outstanding Invoices, GLCC has sustained damages in an amount no less than **$1,179,647.00**, plus interest at the statutory rate of 6% per annum, and all other costs and fees arising out of DataOne's breach.

WHEREFORE, Plaintiff, Great Lakes Case & Cabinet Co., Inc., respectfully requests that the Court enter judgment in its favor and against the Defendants, DataOne Systems, LLC, DataOne Manufacturing Company, LLC, and GDT Manufacturing Company, LLC, and grant Plaintiff such other relief as the Court deems appropriate.

**JURY TRIAL DEMANDED**

## COUNT TWO
### ACCOUNT STATED

35.     GLCC repeats, restates, and fully incorporates each and every allegation contained in paragraphs 1 through 34, as though set forth fully herein.

36.     GLCC provided Dataone with the products called for under the parties' agreements, sending it the Outstanding Invoices attached as Exhibit A.

37.     DataOne received and acknowledged the Outstanding Invoices.

38.     DataOne never disputed or contested the invoices or statements it received from GLCC.

39.     Accordingly, DataOne owes GLCC the unpaid amount stated in the Outstanding Invoices (**$1,179,647**).

WHEREFORE, Plaintiff, Great Lakes Case & Cabinet Co., Inc., respectfully requests that the Court enter judgment in its favor and against the Defendants, DataOne Systems, LLC, DataOne Manufacturing Company, LLC, and GDT Manufacturing Company, LLC, and grant Plaintiff such other relief as the Court deems appropriate.

**JURY TRIAL DEMANDED**

## COUNT THREE
## UNJUST ENRICHMENT – ACCOUNTS RECEIVABLE

40.     GLCC repeats, restates, and fully incorporates each and every allegation contained in paragraphs 1 through 39, as though set forth fully herein.

41.     DataOne received a financial benefit from GLCC comprising a total value of **$1,179,647.00** in GLCC cabinets and related products.

42.     DataOne accepted and retained that benefit.

43.     DataOne refuses to compensate GLCC for the benefit it received.

44.     Under the circumstances, it would be unjust to permit DataOne to retain the benefits conferred by GLCC without adequately compensating GLCC.

WHEREFORE, Plaintiff, Great Lakes Case & Cabinet Co., Inc., respectfully requests that the Court enter judgment in its favor and against the Defendants, DataOne Systems, LLC, DataOne Manufacturing Company, LLC, and GDT Manufacturing Company, LLC, and grant Plaintiff such other relief as the Court deems appropriate.

**JURY TRIAL DEMANDED**

## COUNT FOUR
## BREACH OF CONTRACT – REPUDIATED PURCHASE ORDERS

45.     GLCC repeats, restates, and fully incorporates each and every allegation contained in paragraphs 1 through 44, as though set forth fully herein.

46.     The DataOne purchase orders, and GLCC's acceptance and performance in reasonable reliance thereon, all constitute valid and binding contracts between GLCC and DataOne.

47.     At all times, GLCC complied with its obligations under the contracts.

48.     DataOne materially breached its contracts with GLCC by repudiating the agreements after issuing the Purchase Orders.

49.     Because GLCC had reasonable grounds for insecurity regarding DataOne's performance of its obligations under the Purchase Orders, it requested adequate assurances of performance from DataOne.

50.     DataOne failed to provide any written or other response to GLCC's request for adequate assurances, which constitutes repudiation under the Pennsylvania Commercial Code.

51.     DataOne has failed to remedy its breach of the contracts.

52.     The contract price for the repudiated purchase orders totals **$14,616,245.00**.

53.     As a direct and proximate result of DataOne's breach, GLCC has suffered damages in an amount no less than $7,000,000 in the form of carrying costs, lost profits, warehouse rental, material scrap costs, resale expenses, interest, and other consequential damages.

54.     GLCC has taken commercially reasonable steps to mitigate its damages, including attempts to resell or repurpose the already ordered component parts.  However, given the custom nature of the ordered cabinets and component parts, resale of these items will not put GLCC in as good position as DataOne's performance would have done.

WHEREFORE, Plaintiff, Great Lakes Case & Cabinet Co., Inc., respectfully requests that the Court enter judgment in its favor and against the Defendants, DataOne Systems, LLC,

DataOne Manufacturing Company, LLC, and GDT Manufacturing Company, LLC, and grant

Plaintiff such other relief as the Court deems appropriate.

**JURY TRIAL DEMANDED**

**JURY DEMAND**

55.    Plaintiff demands a jury determination of all issues so triable.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

By: /s/*Alexander K. Cox*
        Alexander K. Cox, Esq.
        PA ID  No. 322065
        120 West Tenth Street
        Erie, PA  16501-1461
        Telephone: (814) 459-2800
        Fax: (814) 453-4530
        Email:  acox@kmgslaw.com

        Attorneys for Plaintiff,
        Great Lakes Case & Cabinet Co., Inc.

# 2424994.v1